**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

TAMAR JACKSON,

          Petitioner,

v.

                            **Case No. 25-CV-0365-SEH-SH**

TERRY TUGGLE, Warden,[1]

          Respondent.

## OPINION AND ORDER

Petitioner Tamar Jackson ("Jackson"), an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Creek County District Court Case No. CF-2015-599. [ECF No. 1]. Jackson raises eleven grounds for habeas relief. [*See id.*]. Having considered Jackson's Petition for Writ of Habeas Corpus ("Petition") [*Id.*], Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations and for Failure to Exhaust State Remedies ("Motion") [ECF No. 7], Respondent's Brief in

---

[1] Jackson is presently incarcerated at the John H. Lilley Correctional Center in Boley, Oklahoma, and Terry Tuggle is the Warden of that facility. The Court therefore substitutes Terry Tuggle, Warden, in place of Derrick Yazel as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts.* The Clerk of Court shall note on the record this substitution.

Support of the Motion [ECF No. 8], the record of state-court proceedings provided by Respondent [ECF Nos. 8-1 through 8-21], Jackson's Response [ECF No. 11], and applicable law, the Court GRANTS Respondent's Motion and DISMISSES the Petition because the Petition is barred by the applicable statute of limitations.

## *BACKGROUND*

On February 2, 2016, Jackson entered a plea of guilty to the following crimes: i) obtaining property by trick or deception after former conviction of two or more felonies; ii) possession of false identification card after former conviction of two or more felonies; and iii) knowingly concealing stolen property after former conviction of two or more felonies. [*See* ECF No. 8-2]. On the same day, the state trial court sentenced Jackson to split sentences on all counts. [ECF No. 8-3]. Jackson was sentenced to a term of twenty years incarcerated with all but the first four years suspended, as to each count, with all counts to be served concurrently. [*Id.*]. Jackson did not move to withdraw his plea. [*See* ECF No. 8-1, *generally*; *see also* ECF No. 1 at 40].

On March 1, 2023, the State of Oklahoma ("State") filed a motion to revoke Jackson's suspended sentence. [ECF No. 8-4]. On August 31, 2023, the district court granted the State's motion to revoke and revoked Jackson's suspended sentences in full. [ECF No. 8-5]. Beginning in September 2023, Jackson began his efforts to overturn the revocation. [*See* ECF Nos. 8-1 at

2

18-19; ECF Nos. 8-7, 8-8, 8-10, 8-13, 8-15, 8-16, 8-19, 8-20]. Jackson did not

begin challenging the underlying convictions until October 28, 2024. [*See*

ECF No. 8-13]. When Jackson's state court efforts were unsuccessful, he

turned to this Court and filed his Petition on July 14, 2025.[2] [ECF No. 1].

Jackson raises eleven grounds for habeas relief:

  i. Actual innocence gateway claim;
  ii. The underlying arrest violated Jackson's Fourth Amendment rights;
  iii. Jackson did not receive written notice of the offenses alleged by the State;
  iv. *Brady* violation;
  v. Ineffective assistance of counsel;
  vi. Jackson's guilty plea was unlawfully induced or involuntary;
  vii. Jackson was denied his right to appeal;
  viii. Jackson was not advised of his constitutional rights during his guilty plea "resulting in [Jackson] being denied rights that a guilty plea waives;"
  ix. Jackson's right to be free from cruel and unusual punishment was violated;
  x. Jackson was denied due process of law; and
  xi. Cumulative error warrants habeas relief.

[ECF No. 1 at 5-10, 16-22]. Each of Jackson's claims focus on the underlying

charges, guilty pleas and convictions. [*See id.*]. Jackson does not challenge

the revocation of his suspended sentence. [*See id.*]. Jackson's claims are

based on his assertions that: i) the Probable Cause Affidavit contained false

---

[2] Jackson's Petition was received by the Clerk of Court on July 18, 2025. [ECF No. 1 at 1]. However, because there is evidence showing that he placed the Petition in the prison's legal mail system on July 14, 2025, the Court deems the Petition filed July 14, 2025. *Id.* at 15; *see also* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts.*

information and he did not receive a copy of the Probable Cause Affidavit until January 23, 2024; and ii) he did not meet the essential elements of the charged crimes but he was unaware of this until he received a copy of the Information on September 27, 2024. [*See* ECF No. 1 at 14, 36-37].

Respondent contends that: i) Jackson's Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1); ii) his claims are not entitled to equitable tolling; and iii) Jackson cannot avail himself of the "actual innocence" exception to avoid the Antiterrorism and Effective Death Penalty Act's ("AEDPA") time bar. [*See* ECF No. 8]. Jackson responds in agreement with Respondent that his Petition is untimely but argues he is entitled to equitable tolling and the actual innocence exception. [ECF No. 11 at 2, 6]. Specifically, Jackson states, "[t]he truth is: Petitioner's Petition [] is untimely, as it should have been filed many years ago, and Petitioner concedes that he is not entitled to statutory tolling." [*Id.* at 2]. Accordingly, the Court will briefly address the applicable statute of limitations under the AEDPA and then address Jackson's equitable tolling and actual innocence arguments.

## *DISCUSSION*

Under the AEDPA, state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).[3]

---

[3] Since Jackson acknowledges his Petition is untimely and does not advocate for a different commencement date pursuant to § 2244(d)(1)(B), (C), or (D), the Court will only address § 2244(d)(1)(A).

## I.  Applicable Limitations Period

As outlined above, Jackson was sentenced on February 2, 2026.  [ECF No. 8-3].   Nothing in the record indicates that Jackson timely filed an application to withdraw his plea as required by Oklahoma law. [ECF No. 1, *generally*]; *see also* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2021).  Jackson's conviction thus became final on February 10, 2016.  *See Jones v. Patton*, 619 F. App'x 676, 678-79 (10th Cir. July 15, 2015)[4] (finding for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence).  Jackson's one-year period to file a petition for writ of habeas corpus began February 13, 2016, and, absent statutory tolling, expired February 13, 2017.

Jackson acknowledges he is not entitled to any statutory tolling [ECF No. 11 at 2], and the Court agrees.  Jackson's first filing after the entry of his guilty plea was his Notice of Intent to Appeal Revocation filed September 15, 2023.  [ECF No. 8-7].  This September 15, 2023 filing, and Jackson's subsequent filings seeking relief, did not toll the applicable statute of limitations because they were all filed after February 13, 2017.  *Clark*, 468

---

[4] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

F.3d at 714.  Therefore, Jackson is not entitled to any statutory tolling, and his July 14, 2025 Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

## II.    Equitable Tolling

Jackson relies on equitable tolling, in part, to achieve habeas review of his claims.  [*See* ECF No. 11 at 3-6].  While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

Jackson argues the following circumstances entitle him to equitable tolling: the ineffective assistance of his counsel, the State's prosecution of a crime it knew was not supported by probable cause, and his own ignorance of the law.  [*See* ECF No. 1 at 32; *see also* ECF No. 11 at 3-6].  To the extent Jackson relies upon his counsel's alleged failure to share the Information with him and provide him with adequate legal advice based upon the Information's contents [*see* ECF No. 1 at 13-14, 16, 38-40; *see also* ECF No. 11

at 3-6], this contention does not constitute an extraordinary circumstance. Attorney error does not constitute an extraordinary circumstance. *Gunderson v. Abbott,* 172 F. App'x 806, 810 (10th Cir. 2006) (Noting that "attorney error is generally not a basis for equitable tolling of the federal habeas deadline[]" and citing *Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]")).

Furthermore, the partial transcript from the plea hearing provided by Jackson undermines his claim of ineffective assistance of counsel or misconduct by the State. The trial court asked Jackson:

> The factual statement on page 6, Question 28, says: 'On the 17th day of December, 2015, within Creek County, Oklahoma, I possessed an ID card having altered information. I possessed property I knew or should have known was stolen. I intended to defraud James Revard by means of a bogus check.' Is that essentially what happened?

[ECF No. 11 at 13]. Jackson responded "Yes, sir." [*Id.*]. Accordingly, Jackson's present assertions that: i) he did not meet the essential elements of the charged crimes; ii) the State lacked probable cause; and iii) these facts

were hidden from him are all unsupported by the record.  [*See id.*]  It follows, any claim of an "extraordinary circumstance" is eviscerated by the record. Lastly, unfamiliarity with the law does not entitle a habeas petitioner to equitable tolling.  *See Marsh*, 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Nor does Jackson demonstrate he exercised due diligence.  A habeas petitioner must allege with specificity, "the steps he took to diligently pursue his federal claims."  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Jackson alleges September 27, 2024, the date he received a copy of the Information, "marks [his] pursuit of due diligence to uncover the legitimacy of his original Judgment and Sentence, whereas he had been in pursuit of due diligence of the revocation of his allegedly unlawful sentence since the 31st day of August, 2024."  [ECF No. 1 at 32].  Fatal to Jackson's allegation of due diligence, is that he is completely silent as to what efforts, if any, he took between February 2, 2016, and August 31, 2024, to diligently pursue the federal claims he now presents.  The record indicates the Probable Cause Affidavit and Information were filed on December 30, 2015.  [ECF No. 8-1 at 4-5].  Jackson acknowledges this.  [*See* ECF No. 1 at 36-37].  Jackson does not articulate how he was prohibited, through the exercise of due diligence, from ascertaining the contents of the Probable Cause Affidavit and Information

prior to September 27, 2024.  Further, the instant Petition challenging his underlying conviction comes over nine years after his sentencing.  [*See* ECF Nos. 8-2 and 1].  Jackson also waited almost a year from the time he allegedly received a copy of the Information until he filed the instant Petition.  [*See* ECF No 1].  Therefore, the record undermines any assertion by Jackson that he was diligently pursuing his claims.

The Court concludes Jackson is not entitled to equitable tolling, and his July 14, 2025 Petition, filed well after the February 13, 2017 AEDPA statute of limitations deadline, is time-barred.

### III.   Actual Innocence

Finally, Jackson alleges he is actually innocent.  [ECF No. 1 at 5, 13-14, 31-33].  Successful actual-innocence claims are rare due to the demanding evidentiary requirements for such claims.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006).  "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); accord *McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)).  "To be credible, a claim of actual innocence

10

requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021) (quoting *Schlup*, 513 U.S. at 324).

First, Jackson's guilty plea undermines his claim of actual innocence. *See O'Bryant v. Oklahoma*, 568 Fed. App'x 632, 637 (10th Cir. 2014) ("[In addressing an actual innocence claim,] we may take into account the fact that the petitioner's conviction was based on a guilty plea predicated on the petitioner's representations of competence and voluntariness, and findings by the court."); *see also Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (finding habeas petitioner's guilty plea undermined his assertion of actual innocence). Here, Jackson agreed on the record that he possessed an ID card having altered information, he possessed property he knew or should have known was stolen and he intended to defraud James Revard. [ECF No. 11 at 13]. Accordingly, Jackson's current claim of actual innocence does not overcome his knowing and voluntary guilty plea. *United States v. McAbee*, 685 F. App'x 682, 686 (10th Cir. 2017).

Second, Jackson does not provide any new evidence thereby failing to satisfy the demanding evidentiary requirements necessary to raise an actual innocence gateway claim. Jackson merely argues "he failed to meet 3 essential and required felony elements in Count 1, that Count 2 failed to

11

allege an essential and required felony element …, and that Counts 1 and 3 was the result of an unlawful felony arrest.  As a result, [he] is actually innocent of the felony charges alleged by the State." [ECF No. 1 at 32]. However, to avail himself of the actual innocence exception, a petitioner must make a colorable showing of factual innocence, not legal innocence.  *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).  At best, Jackson's argument in support of his actual innocence claim is one of legal innocence and insufficient to satisfy the actual innocence gateway.  For all the reasons explained above, Jackson's Petition is time-barred. [5]

### *CONCLUSION*

The Court finds and concludes Jackson's Petition for Writ of Habeas Corpus [ECF No. 1] is time-barred.  The Court therefore grants Respondent's Motion and dismisses the Petition.  The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would

---

[5] Respondent also moves to dismiss Jackson's claims as unexhausted.  [ECF No. 8 at 31-36].  Since the Court determines the Petition is untimely, it does not address the merits of Respondent's exhaustion argument.

debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss [ECF No. 7] is **granted**; the Petition [ECF No. 1] is **dismissed**; a certificate of appealability is **denied**; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Terry Tuggle, Warden, in place of Derrick Yazel as party Respondent.

**DATED** this 5th day of May, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE